UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. MAZZA, | No. C 07-2483 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| NAPA COUNTY DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

# INTRODUCTION

Bryan E. Mazza, currently in custody at the Martinez Detention Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

# BACKGROUND

In his complaint, Mazza alleges that he was denied access to the law library while he was incarcerated at the Napa County Department of Corrections from October 15, 2005 through September 22, 2006. He further alleges that members of the staff at the facility "gave [him] false information and misled [him] about [his] rights to full access to the law library." Complaint, p. 3.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A constitutional right of access to the courts does exist for incarcerated persons, but to state a claim for any violation of the right of access to the courts, the inmate must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To show an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).

Mazza's complaint fails to state a claim for relief for a denial of access to the courts because he failed to allege any actual injury that resulted from the denial of access to the law library. Leave to amend will be granted so that Mazza may attempt to state a claim for denial

of access to the courts. He must explain what actual injury he suffered as a result of the law library problems.

The complaint also is deficient in that the allegations are not sufficient to hold the defendants liable. Mazza named as defendants the director, the assistant director and the Napa County Department of Corrections. He apparently is proceeding on a theory that those individual and the department automatically would be responsible for any misdeed committed by a deputy employed by any of them, but that is a respondeat superior theory which is not allowed in a § 1983 action. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). If Mazza wants to proceed against the Napa County Department of Corrections, he must amend to allege a municipal liability claim against it. It is not enough to allege merely that the department employed persons who violated his constitutional rights.

If Mazza wants to sue individual persons who violated his constitutional rights, he may do so. To do so, he should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state where the violation occurred, and when the violation occurred. He should not refer to them as a group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused

3

deprivation of federally protected right); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). His amended complaint should include the address and position (if known) of each individual defendant so that service of process may be made on the defendant.

## CONCLUSION

The complaint is DISMISSED because it fails to state a claim upon which relief may be granted. Leave to amend is granted. The amended complaint must be filed no later than **October 10, 2007** and cure all the deficiencies identified in this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to timely file the amended complaint will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 5, 2007

_____
SUSAN ILLSTON
United States District Judge